Citation Nr: 1527862 
Decision Date: 06/29/15 Archive Date: 07/09/15

DOCKET NO. 10-13 678A ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Jackson, Mississippi


THE ISSUES

1. Entitlement to service connection for squamous cell carcinoma of the skin (claimed as skin cancer), including as due to exposure to herbicides. 

2. Entitlement to service connection for generalized infections of the skin, including as due to herbicide exposure or secondary to diabetes mellitus, type 2. 


REPRESENTATION

Veteran represented by: Veterans of Foreign Wars of the United States


WITNESSES AT HEARING ON APPEAL

Veteran and spouse



ATTORNEY FOR THE BOARD

S. Sorathia, Associate Counsel


INTRODUCTION

The Veteran served on active duty from June 1964 to June 1968, with service in the Republic of Vietnam. 

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a February 2009 rating decision by the Department of Veterans Affairs (VA) Regional Office (RO) in Jackson, Mississippi, which denied entitlement to the benefits currently sought on appeal. 

The Veteran testified before a decision review officer (DRO) in January 2011. A transcript of this hearing has been associated with the claims file. 

In regards to the Veteran's representation, the Board finds that a valid VA Form 21-22 is of record appointing Veterans of Foreign Wars of the United States (VFW) as the Veteran's representative. In April 2010, a VA Form 21-22 appointing the American Legion was revoked. The Veteran then submitted an October 2011 VA Form 21-22 appointing VFW and a November 2011 VA Form 21-22 appointing the American Legion. However, the November 2011 form was never acknowledged by VA and the American Legion specifically stated that they did not accept representation of this Veteran. As such, the October 2010 VA Form 21-22 is the valid form of record. Moreover, VFW has acknowledged representation by its June 2015 submission of an informal hearing presentation. 

This claim was before the Board in January 2015 and was remanded for additional development. As discussed in detail below, the March 2015 VA examination report is not adequate and another remand is required. See Stegall v. West, 11 Vet. App. 268, 271 (1998). 

In the January 2015 decision, the Board referred the issues of entitlement to service connection for bilateral hearing loss and tinnitus as the issues were raised by the record in an August 2014 statement, but had not been adjudicated by the Agency of Original Jurisdiction (AOJ). At this time, a rating decision addressing these claims has not yet been issued. Moreover, the Veteran raised the issues of entitlement to service connection for cataracts, heart disease, gastrointestinal disorder, depression, and peripheral neuropathy in his April 2009 notice of disagreement. The Veteran again raised the issues of entitlement to service connection for peripheral neuropathy, hearing loss, and tinnitus in a March 2015 statement. As the AOJ has not yet adjudicated these issues, the Board does not have jurisdiction over them, and they are referred to the AOJ for appropriate action. 38 C.F.R. § 19.9(b) (2014). 

The appeal is REMANDED to the AOJ. VA will notify the Veteran if further action is required.


REMAND

As noted above, the Board remanded this claim in January 2015 in order to afford the Veteran a VA examination to determine the nature and etiology of his skin disorders. The March 2015 VA examiner did not provide an adequate rationale to support his conclusion that the Veteran's skin disorders were not related to service, to include herbicide exposure. See Nieves-Rodriguez v. Peake, 22 Vet. App. 295 (2008). Moreover, the opinion did not include a discussion of whether the Veteran's skin disorders were aggravated by his service-connected diabetes mellitus type II. See El-Amin v. Shinseki¸ 26 Vet. App. 136, 140-41 (2013). When VA undertakes to provide a VA examination or obtain a VA opinion, it must ensure that the examination or opinion is adequate. Barr v. Nicholson, 21 Vet. App. 303, 312 (2007). Accordingly, a medical addendum opinion should be obtained to determine if the Veteran's currently diagnosed skin disorders are related to service, to include herbicide exposure, or caused or aggravated by his service-connected diabetes mellitus type II. 

Additionally, the Board notes that during his January 2011 DRO hearing, the Veteran testified that he had skin cancer in the 1970s and within a few years after his return from Vietnam. The transcript appears to reveal that the Veteran sought non-VA treatment for his skin disorder at that time. See January 2011 DRO hearing transcript, p.1-2. It does not appear that the RO attempted to identify these records. Thus, upon remand, the RO should ask the Veteran to clarify whether he received treatment in the 1970s regarding his skin disorder(s) and if so, to provide the name and location of the facility where he sought treatment. 

Moreover, in his March 2015 statement, the Veteran identified outstanding VA treatment records regarding his skin disorders. Upon remand, pertinent VA treatment records dated since November 2014 should be associated with the claims file. 

Accordingly, the case is REMANDED for the following action:

1. Obtain pertinent VA treatment records regarding the Veteran's skin disorders dated since November 2014. Associate these records with the claims file. 

2. Request that the Veteran identify any private treatment records pertaining to his skin disorders. Specifically ask him to identify any treatment he may have received in the 1970s regarding his skin cancer and/or other skin disorder. Take appropriate measures to request copies of any outstanding records and associate the obtained records with the claims file. 

3. After associating any pertinent, outstanding records with the claims file, send the Veteran's claims file to the March 2015 examiner or if he is not available, to any appropriate medical provider. A medical addendum opinion should be obtained. 

The evaluator should review the claims file, to include the March 2015 VA examination report, and opine as to whether it is at least as likely as not that each of the identified skin disorders is related to service, to specifically include herbicide exposure. 

The evaluator should also opine as to whether it is at least as likely as not that each of the identified skin disorders is caused or aggravated by his service-connected diabetes mellitus, type II. 

The evaluator should provide a more thorough discussion than what was provided in the March 2015 examination report, as a rationale supporting the medical conclusions is required. 

If the requested opinions cannot be made without a physical examination of the Veteran, the RO should schedule such examination. 

4. Then readjudicate the claim. If the benefit sought remains denied, the Veteran must be furnished a Supplemental Statement of the Case. The Veteran must be given an opportunity to submit written or other argument in response before the claims file is returned to the Board for further appellate consideration. 
 
The Veteran has the right to submit additional evidence and argument on the matter the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
MICHAEL E. KILCOYNE
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of the appeal. 38 C.F.R. § 20.1100(b) (2014).